**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**26-60286-CR-WILLIAMS/STRAUSS**

**CASE NO. ______________________**

**18 U.S.C. § 401(3)**

FILED BY MHU D.C.
Nov 17, 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

**UNITED STATES OF AMERICA**

**v.**

**ANTHONY JOSEPH DAMIANO,**
**a/k/a "AJ Damiano,"**
**a/k/a "AJ Styles,"**
**a/k/a "AJ Mahoney,"**

**Defendant.**
________________________________/

## INDICTMENT

The Grand Jury charges that:

## GENERAL ALLEGATIONS

At times relevant to this Indictment:

1. **ANTHONY JOSEPH DAMIANO** was the principal and sole member of Funeral & Cremation Group of North America, LLC (hereinafter "Funeral & Cremation Group") and the sole member and manager of Legacy Cremation Services, LLC (hereinafter "Legacy") that also did business as Legacy Funeral Services and Heritage Cremation Provider (hereinafter "Heritage").

2. **ANTHONY JOSEPH DAMIANO** was also the manager of Families First Funeral Home (hereinafter "Families First"), which was owned by a relative. **DAMIANO** ran Families First at the relative's request, and had Legacy employees work for Families First as well. Families First had no public-facing presence, and all of Families First's clients were consumers who had contacted Legacy seeking cremations for the recently deceased. Collectively Funeral & Cremation

Group, Legacy, Heritage, and Families First are referred to as "the Companies."

3. **ANTHONY JOSEPH DAMIANO**, through the Companies, did not own or operate any physical funeral home or crematory anywhere in the United States, nor did he directly provide any funeral goods and services to consumers. In fact, **DAMIANO**, through the Companies, served as a middleman and arranged for third-party providers to provide cremation goods and services.

## <u>The Court Order</u>

4. On or about April 22, 2022, the Federal Trade Commission (hereinafter "the FTC") filed a civil complaint in the United States District Court for the Southern District of Florida against **ANTHONY JOSEPH DAMIANO** individually and as an officer of Funeral & Cremation Group and Legacy in *Federal Trade Commission v. Funeral & Cremation Group of North America, LLC, et al.*, Case No. 22-60779-CIV-SMITH (hereinafter "the FTC case").

5. The FTC case alleged that **ANTHONY JOSEPH DAMIANO**, individually, Funeral & Cremation Group, and Legacy violated Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), by participating in deceptive and unfair acts or practices in or affecting commerce and that **DAMIANO** violated the Funeral Rule, 16 C.F.R. Part 453, in connection with the advertising, marketing, distribution, offering for sale, or sale of funeral goods and services as defined in the Rule. The FTC case further alleged that **DAMIANO** and his businesses made misrepresentations about being a local funeral services provider, engaged in bait and switch pricing, and wrongfully withheld or threatened to withhold cremated remains to force consumers to pay more than the original price quoted.

6. On April 6, 2023, United States District Judge Rodney Smith issued a Stipulated Order for Permanent Injunction and Monetary and Civil Penalty Judgment (hereinafter "the Court Order") in the FTC case. The Court Order required **ANTHONY JOSEPH DAMIANO** to, directly

and indirectly, perform certain tasks and to stop engaging in a range of deceptive and unfair practices in order to come into compliance with the FTC Act and/or the Funeral Rule.

7. The Court Order included multiple provisions that prohibited **ANTHONY JOSEPH DAMIANO** and the Companies from (1) failing to share the location of the deceased or their cremains with the family; (2) engaging in bait and switch pricing; (3) obtaining payment information from consumers prior to providing the consumer with mandatory disclosures; (4) concealing the identity, nature, location, and scope of Legacy's business; and (5) failing to share third-party provider information with decedents' families.

8. **ANTHONY JOSEPH DAMIANO** had knowledge of the Court Order. He signed the Joint Motion for Entry of Stipulated Order for Permanent Injunction which included a draft of the Court Order. Once the Court Order was entered, **DAMIANO** made payments pursuant to the Court Order and repeatedly referenced that he had a Court Order signed by a Federal Judge in conversations and in writing.

**<u>Failure to Share Location of the Deceased</u>**

9. **ANTHONY JOSEPH DAMIANO**, directly and indirectly, withheld information about the location of the deceased or their cremains in violation of Section III.A of the Court Order.

10. **ANTHONY JOSEPH DAMIANO**, directly and indirectly, and in violation of the Court Order, failed to respond to repeated inquiries from consumers about the location of the decedent's body or cremated remains, in some cases leaving family members with no information about where the decedent's body or cremated remains were located for several days. Some families resorted to contacting local funeral providers or searching local funeral provider obituary postings to locate the decedent's body or cremains.

**<u>Bait and Switch Pricing</u>**

11. **ANTHONY JOSEPH DAMIANO** engaged in bait and switch pricing in violation

of Sections I.D, I.E, II.D, IV.A, IV.B and IV.C of the Court Order.

12. **ANTHONY JOSEPH DAMIANO**, directly and indirectly, and in violation of the Court Order, engaged in bait and switch pricing practices by advertising deceptively low cremation price ranges on the Legacy and Heritage Cremation websites, and quoting a low cremation price plus the cost of death certificates to consumers over the phone or by email, only to later charge consumers a significantly higher amount than originally quoted.

13. **ANTHONY JOSEPH DAMIANO**, directly and indirectly, and in violation of the Court Order, provided consumers with an initial low-price quote for cremation that did not reflect the total cost the Court Order required him to disclose. The initial paperwork that consumers who agreed to purchase cremation received from **DAMIANO** and the Companies included documents for the consumer to complete, sign, and return including a form authorizing one of the Companies to retrieve the decedent's body. Consumers did not receive the higher-price "statement of funeral goods and services," a mandatory itemized invoice required by the Funeral Rule, until after they had completed and returned the first batch of paperwork. In some cases, the consumer did not receive the higher-price itemized invoice until after the decedent's body had been retrieved by the third-party provider Funeral Home.

14. **ANTHONY JOSEPH DAMIANO**, directly and indirectly, and in violation of the Court Order, provided consumers mandatory itemized invoices that typically included a line item for "direct cremation" in the amount of the original low price quoted to the consumer. However, these invoices also typically added additional line-item charges for death certificates and various goods and services that were not previously disclosed to the consumers as necessary purchases for the cremation of their loved ones. The previously undisclosed goods and services on consumers' itemized invoices included fees for such items as death certificate processing/filing, medical examiner permits, county permits, crematory fees, alternative cremation containers, home

removal, and credit card fees.

15. **ANTHONY JOSEPH DAMIANO**, directly and indirectly, and in violation of the Court Order, charged consumers marked-up prices for Cash Advance items, without properly disclosing that the amount charged to the consumer was higher than the price **DAMIANO** and the Companies paid for the items, in violation of the Court Order.

16. **ANTHONY JOSEPH DAMIANO**, directly and indirectly, and in violation of the Court Order, sent some consumers itemized invoices containing charges for Cash Advance items that were not actually purchased on behalf of the consumer, including charges for government permits or fees that did not exist in the relevant locale or were not necessary for the decedent's cremation.

**Obtaining Payment Information Prior to Providing Mandatory Disclosure**

17. **ANTHONY JOSEPH DAMIANO**, directly and indirectly, and in violation of Section II.F of the Court Order, obtained credit card payment information from at least one consumer whose credit card was charged prior to **DAMIANO** and the Companies providing the consumer with an itemized "statement of all funeral goods and services."

**Concealing the Identity, Nature, Location, and Scope of Business**

18. **ANTHONY JOSEPH DAMIANO**, directly and indirectly, concealed the identity, nature, location, and scope of business, in violation of Sections I.A, I.B, I.C, II.A.1-2, and II.B of the Court Order.

19. **ANTHONY JOSEPH DAMIANO**, directly and indirectly, and in violation of the Court Order, misrepresented the identity, nature, location and scope of the Companies by stating or implying each business was a local business that would directly provide "funeral goods and services" to consumers in their geographic location, when in fact he did not own or operate any physical funeral home or crematory.

20. **ANTHONY JOSEPH DAMIANO**, directly and indirectly, and in violation of the Court Order, failed to "clearly and conspicuously" disclose on the "corporate defendants' websites," and during the first phone call or email exchange with a consumer seeking pricing, that the "funeral goods and services" requested by consumers would be provided by an unaffiliated third-party provider that was not owned or controlled by **DAMIANO**.

21. **ANTHONY JOSEPH DAMIANO** optimized the legacycremationservices.com and heritagecremationprovider.com websites so that when a consumer did an internet search for cremation in a specific geographic location, one or more of the top search results was for one of those websites. The search result listing often included summary text that referred to cremation starting at $695 or $895. Consumers who clicked the search result link for Legacy or Heritage were redirected to a webpage that prominently and repeatedly displayed the name of the location where the consumer was seeking services, making it appear as if it was a local cremation provider.

22. **ANTHONY JOSEPH DAMIANO**, directly and indirectly, and in violation of the Court Order, failed to "clearly and conspicuously" disclose on the Legacy and Heritage websites, and during the first phone call or email exchange with consumers seeking pricing, and in connection with arranging or contracting with a "funeral provider for goods and services", the geographic location of the Companies' business premises.

23. **ANTHONY JOSEPH DAMIANO**, directly and indirectly, and in violation of the Court Order, failed to disclose to consumers who contacted Legacy requesting pricing information, that they would be receiving services from Families First, not Legacy.

**Failure to Disclose Third-Party Provider Information**

24. **ANTHONY JOSEPH DAMIANO**, directly and indirectly, failed to disclose third-party provider information to consumers, in violation of Section II.E of the Court Order.

25. **ANTHONY JOSEPH DAMIANO**, directly and indirectly, in violation of the

Court Order, misrepresented or assisted others in misrepresenting, expressly or by implication, the location or identity of the company or individual providing each good or service sold or offered for sale.

26. **ANTHONY JOSEPH DAMIANO**, directly and indirectly, and in violation of the Court Order, failed to immediately upon selection (1) notify consumers when he had hired a third-party to provide the "funeral goods and services" requested by the consumer and (2) share the third-party provider's name, location, and contact information with the consumer. In some cases, the third-party provider was not located in the city or town where the consumer had requested services and believed the services would be provided. As a result, some consumers were forced to drive long distances to pick up the decedent's cremated remains or pay an additional previously undisclosed fee to have the cremated remains shipped to them.

**<u>COUNT 1</u>**
**Criminal Contempt**
**(18 U.S.C. § 401(3))**

1. Paragraphs 1 through 8, 11 through 16, and 18 through 26 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

2. From on or about July 30, 2023, and continuing through on or about August 5, 2023, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**ANTHONY JOSEPH DAMIANO,**
**a/k/a "AJ Damiano,"**
**a/k/a "AJ Styles,"**
**a/k/a "AJ Mahoney,"**

in relation to decedent N.R., who last resided in Ohio, did willfully and knowingly disobey and resist the April 6, 2023 Court Order, a lawful order issued by the United States District Court of the Southern District of Florida, that is by directly and indirectly engaging in bait and switch

pricing; concealing the identity, nature, location and scope of his business; and failing to disclose third-party provider information, in violation of Title 18, United States Code, Section 401(3).

**COUNT 2**
**Criminal Contempt**
**(18 U.S.C. § 401(3))**

1. Paragraphs 1 through 16 and 18 through 26 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

2. From on or about September 8, 2023, and continuing through on or about September 25, 2023, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**ANTHONY JOSEPH DAMIANO,**
**a/k/a "AJ Damiano,"**
**a/k/a "AJ Styles,"**
**a/k/a "AJ Mahoney,"**

in relation to decedent N.L, who last resided in Missouri, did willfully and knowingly disobey and resist the April 6, 2023 Court Order, a lawful order issued by the United States District Court of the Southern District of Florida, that is, by directly and indirectly failing to share the location of the deceased; engaging in bait and switch pricing; concealing the identity, nature, location and scope of his business; and failing to disclose third-party provider information, in violation of Title 18, United States Code, Section 401(3).

**COUNT 3**
**Criminal Contempt**
**(18 U.S.C. § 401(3))**

1. Paragraphs 1 through 8, 11 through 16, and 18 through 26 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

2. From on or about October 10, 2023, and continuing through on or about October

27, 2023, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**ANTHONY JOSEPH DAMIANO,**
**a/k/a "AJ Damiano,"**
**a/k/a "AJ Styles,"**
**a/k/a "AJ Mahoney,"**

in relation to decedent C.B., who last resided in Illinois, did willfully and knowingly disobey and resist the April 6, 2023 Court Order, a lawful order issued by the United States District Court of the Southern District of Florida, that is by directly and indirectly engaging in bait and switch pricing; concealing the identity, nature, location and scope of his business; and failing to disclose third-party provider information, in violation of Title 18, United States Code, Section 401(3).

**COUNT 4**
**Criminal Contempt**
**(18 U.S.C. § 401(3))**

1. Paragraphs 1 through 8, 11 through 16, and 18 through 26 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

2. From on or about November 1, 2023, and continuing through on or about December 10, 2023, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**ANTHONY JOSEPH DAMIANO,**
**a/k/a "AJ Damiano,"**
**a/k/a "AJ Styles,"**
**a/k/a "AJ Mahoney,"**

in relation to decedent J.B.S., who last resided in Tennessee, did willfully and knowingly disobey and resist the April 6, 2023 Court Order, a lawful order issued by the United States District Court of the Southern District of Florida, that is, by directly and indirectly engaging in bait and switch pricing; concealing information about the identity, nature, location and scope of his business; and failing to disclose third-party provider information, in violation of Title 18, United States Code, Section 401(3).

**COUNT 5**
**Criminal Contempt**
**(18 U.S.C. § 401(3))**

1. Paragraphs 1 through 16 and 18 through 26 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

2. From on or about December 30, 2023, and continuing through on or about January 10, 2024, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**ANTHONY JOSEPH DAMIANO,**
**a/k/a "AJ Damiano,"**
**a/k/a "AJ Styles,"**
**a/k/a "AJ Mahoney,"**

in relation to decedent E.B. who last resided in Michigan, did willfully and knowingly disobey and resist the April 6, 2023 Court Order, a lawful order issued by the United States District Court of the Southern District of Florida, that is, by directly and indirectly failing to share the location of the deceased; engaging in bait and switch pricing; concealing information about the identity, nature, location and scope of his business; and failing to disclose third-party provider information, in violation of Title 18, United States Code, Section 401(3).

**COUNT 6**
**Criminal Contempt**
**(18 U.S.C. § 401(3))**

1. Paragraphs 1 through 8, 11 through 16, and 18 through 23 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

2. From on or about February 18, 2024, and continuing through on or about February 20, 2024, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**ANTHONY JOSEPH DAMIANO,**
**a/k/a "AJ Damiano,"**
**a/k/a "AJ Styles,"**
**a/k/a "AJ Mahoney,"**

in relation to decedent D.P. who last resided in Arkansas, did willfully and knowingly disobey and resist the April 6, 2023 Court Order, a lawful order issued by the United States District Court of the Southern District of Florida, that is, by directly and indirectly engaging in bait and switch pricing; and concealing information about the identity, nature, location and scope of his business, in violation of Title 18, United States Code, Section 401(3).

**COUNT 7**
**Criminal Contempt**
**(18 U.S.C. § 401(3))**

1. Paragraphs 1 through 10 and 17 through 26 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

2. From on or about March 15, 2024, and continuing through on or about April 6, 2024, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**ANTHONY JOSEPH DAMIANO,**
**a/k/a "AJ Damiano,"**
**a/k/a "AJ Styles,"**
**a/k/a "AJ Mahoney,"**

in relation to decedent R.B. who last resided in Alabama, did willfully and knowingly disobey and resist the April 6, 2023 Court Order, a lawful order issued by the United States District Court of the Southern District of Florida, that is, by directly and indirectly failing to share the location of the deceased; obtaining payment information prior to mandatory disclosure; concealing information about the identity, nature, location, and scope of his business; and failing to disclose third-party provider information, in violation of Title 18, United States Code, Section 401(3).

**COUNT 8**
**Criminal Contempt**
**(18 U.S.C. § 401(3))**

1. Paragraphs 1 through 8 and 18 through 26 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

2. From on or about June 5, 2024, and continuing through on or about June 10, 2024, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**ANTHONY JOSEPH DAMIANO,**
**a/k/a "AJ Damiano,"**
**a/k/a "AJ Styles,"**
**a/k/a "AJ Mahoney,"**

in relation to decedent M.O., who last resided in Mississippi, did willfully and knowingly disobey and resist the April 6, 2023 Court Order, a lawful order issued by the United States District Court of the Southern District of Florida, that is, by directly and indirectly concealing information about the identity, nature, location, and scope of his business; and failing to disclose third-party provider information, in violation of Title 18, United States Code, Section 401(3).

**COUNT 9**
**Criminal Contempt**
**(18 U.S.C. § 401(3))**

1. Paragraphs 1 through 16 and 18 through 26 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

2. From on or about August 1, 2024, and continuing through on or about August 23, 2024, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**ANTHONY JOSEPH DAMIANO,**
**a/k/a "AJ Damiano,"**
**a/k/a "AJ Styles,"**
**a/k/a "AJ Mahoney,"**

in relation to decedent D.W. who last resided in Georgia, did willfully and knowingly disobey and resist the April 6, 2023 Court Order, a lawful order issued by the United States District Court of the Southern District of Florida, that is, by directly and indirectly failing to share the location of the deceased; engaging in bait and switch pricing; concealing information about the identity, nature, location, and scope of his business; and failing to disclose third-party provider information, in violation of Title 18, United States Code, Section 401(3).

**COUNT 10**
**Criminal Contempt**
**(18 U.S.C. § 401(3))**

1. Paragraphs 1 through 8, 11 through 16, and 24 through 26 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

2. From on or about July 20, 2025, and continuing through on or about August 5, 2025, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**ANTHONY JOSEPH DAMIANO,**
**a/k/a "AJ Damiano,"**
**a/k/a "AJ Styles,"**
**a/k/a "AJ Mahoney,"**

in relation to decedent R.B. who last resided in Missouri, did willfully and knowingly disobey and resist the April 6, 2023 Court Order, a lawful order issued by the United States District Court of the Southern District of Florida, that is, by directly and indirectly engaging in bait and switch pricing; and failing to disclose third-party provider information, in violation of Title 18, United States Code, Section 401(3).

**COUNT 11**
**Criminal Contempt**
**(18 U.S.C. § 401(3))**

1. Paragraphs 1 through 16 and 18 through 26 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

2. From on or about April 7, 2026, and continuing through on or about April 27, 2026, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**ANTHONY JOSEPH DAMIANO,**
**a/k/a "AJ Damiano,"**
**a/k/a "AJ Styles,"**
**a/k/a "AJ Mahoney,"**

in relation to decedent J.H., who last resided in California, did willfully and knowingly disobey

and resist the April 6, 2023 Court Order, a lawful order issued by the United States District Court of the Southern District of Florida, that is, by directly and indirectly failing to share the location of deceased; engaging in bait and switch pricing; concealing information about the identity, nature, location, and scope of his business; and failing to disclose third-party provider information, in violation of Title 18, United States Code, Section 401(3).

A TRUE BILL

FOREPERSON

YARA KLUKAS
ACTING UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

ADAM M. LOVE
ASSISTANT UNITED STATES ATTORNEY

LORINDA I. LARYEA
CHIEF, WHITE COLLAR AND CORPORATE ENFORCEMENT SECTION
CRIMINAL DIVISION, U.S. DEPARTMENT OF JUSTICE

SHEILA B. BERMAN
TRIAL ATTORNEY
WHITE COLLAR AND CORPORATE ENFORCEMENT SECTION
CRIMINAL DIVISION, U.S. DEPARTMENT OF JUSTICE

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**UNITED STATES OF AMERICA** **CASE NO.** 26-60286-CR-WILLIAMS/STRAUSS

**v.**

Anthony Joseph Damiano
_______________________________/

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) _______
Number of New Defendants _______
Total Number of New Counts _______

**Court Division** (select one)
☐ Miami ☐ Key West ☐ FTP
☒ FTL ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the Indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, 28 U.S.C. §3161.
3. Interpreter: (Yes or No) No
   List language and/or dialect: _______________
4. This case will take 5 days for the parties to try.
5. Please check appropriate category and type of offense listed below:

| **(Check only one)** | | **(Check only one)** |
|---|---|---|
| I | ☒ 0 to 5 days | ☐ Petty |
| II | ☐ 6 to 10 days | ☐ Minor |
| III | ☐ 11 to 20 days | ☐ Misdemeanor |
| IV | ☐ 21 to 60 days | ☒ Felony |
| V | ☐ 61 days and over | |

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _______________ Case No. _______________
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Judge _______________ Magistrate Case No. _______________
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) Yes
   If yes, Judge Rodney Smith Case No. 22-60779
9. Defendant(s) in federal custody as of _______________
10. Defendant(s) in state custody as of _______________
11. Rule 20 from the __________ District of _______________
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? (Yes or No) No
14. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No
15. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No
16. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024? No
17. Did this matter involve the participation of or consultation with Magistrate Judge Yeney Hernandez during her tenure at the U.S. Attorney's Office, which concluded on April 2, 2026? No

By: _______________________
SHEILA B. BERMAN
DOJ Trial Attorney
SDFL Court ID No. A5503277

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name**: Anthony Joseph Damiano

**Case No**: **26-60286-CR-WILLIAMS/STRAUSS**

Counts #: 1-11

Criminal Contempt, 18 U.S.C. § 401(3)

* **Max. Term of Imprisonment:** N/A contempt is *sui generis* in 11th Circuit
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** N/A contempt is *sui generis* in 11th Circuit
* **Max. Fine**: N/A contempt is *sui generis* in 11th Circuit

***Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**